IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ROBIN K. TUCKER,

    Plaintiff,

v.                                    CASE NO. 4:15cv302-RH/CAS

FLORIDA DEPARTMENT OF
TRANSPORTATION,

    Defendant.

_____/


## ORDER GRANTING SUMMARY JUDGMENT

This is an employment-discrimination case. The plaintiff Robin K. Tucker claims she was terminated by the defendant Florida Department of Transportation based on gender or in retaliation for complaining of sexual harassment. Ms. Tucker has withdrawn the gender-discrimination claim, so all that remains is a retaliation claim. Ms. Tucker has not established a prima facie case, and the defendant has shown it acted for a legitimate, nonretaliatory reason. This order grants summary judgment for the Department.

I

Ms. Tucker began working for the Department in June 2012.  She was hired by Brian Peters, the Department's Assistant Secretary of Finance Administration, as his administrative assistant.  On December 6, 2012, Mr. Peters met with Ms. Tucker to express concerns with her performance and to go over her performance evaluation, in which he gave her an overall score of 2.9 out of 5.0.  During this meeting, Mr. Peters told Ms. Tucker that he would consider removing her from her position if her performance did not improve.

On January 29, 2013, Mr. Peters informed Ms. Tucker that he was going to eliminate her position.  Later that day, Ms. Tucker delivered a memorandum to the Department's Secretary Ananth Prasad, expressing concerns about Mr. Peters's inappropriate and unprofessional behavior.  On February 19, 2013, Mr. Peters told Ms. Tucker that February 21 would be her last day.  Mr. Peters says he decided to eliminate Ms. Tucker's position for two reasons: (1) poor performance; and (2) the ability to cut costs due to the underutilization of administrative assistants.  After Ms. Tucker left, her former duties were merged with those of an existing female administrative assistant.

II

When, as here, an employee relies on circumstantial evidence in support of a discrimination or retaliation claim, the employee may proceed under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later cases. Under that framework, an employee first must present a prima facie case. The employer then must proffer a legitimate nondiscriminatory, nonretaliatory reason for its decision. The employee then must show that the proffered reason was not the real reason for the decision and that instead a reason was discrimination or retaliation. Alternatively, the employee may present other evidence from which a reasonable factfinder could infer discrimination or retaliation. *See*, *e.g.*, *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

III

A prima facie retaliation case consists of a showing that (1) the plaintiff engaged in protected activity; (2) the plaintiff suffered an adverse employment action; and (3) the protected activity and adverse action were causally related. *See Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998).

Ms. Tucker claims that her January 29 memorandum constituted protected activity. But the memorandum did not explicitly complain of sexual harassment or

discrimination. Of relevance, the memorandum said Mr. Peters made "inappropriate comments," such as "I have my harem here today" and "I need more than a pretty face—I need somebody who can think." She also alleged that Mr. Peters looked at her in a "noticeable" way that was "very awkward" and "extremely uncomfortable." But these allegations are insufficient to show Ms. Tucker complained of unlawful employment practices. *See Henderson v. Waffle House, Inc.*, 238 F. App'x 499, 501 (11th Cir. 2007) ("A plaintiff must demonstrate that she had a subjective, good-faith belief that her employer was engaged in unlawful employment practices and that her belief was objectively reasonable in light of the facts and record presented."). Ms. Tucker subjectively believed Mr. Peters's behavior was sexual harassment, but based on the evidence in the record, such a belief was not objectively reasonable. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (internal marks and citation omitted)). Ms. Tucker's January 29 memorandum did not constitute protected activity, and there is no other evidence of actionable protected activity.

Even assuming, though, that the memorandum was protected activity, it is undisputed that Mr. Peters had already expressed his concerns with her performance and made the decision to eliminate her position. In fact, Ms. Tucker

explicitly mentioned Mr. Peters' decision to eliminate her position three separate times in her memorandum.  *See* ECF No. 21-9 at 2-3, 6.

Ms. Tucker claims that Mr. Peters promised to transfer her to another position within the Department but refused to do so after she submitted the memorandum.  Mr. Peters denies making this promise, but if Ms. Tucker's version is true, a jury could find that terminating rather than transferring her was retaliatory.  Still, this claim fails for two reasons.  First, even if the action was retaliatory, it was not unlawful, because the memorandum was not protected, as explained above.  Second, Ms. Tucker testified that she believes Mr. Peters decided not to transfer her *before* she submitted the memorandum: "I would be guessing, but I think back, way back, in December.  I don't think he ever intended to keep me."  ECF No. 21-1 at 77.  Ms. Tucker has not established a prima facie case of retaliation.

Finally, the Department has shown that Ms. Tucker's position was eliminated due to her poor performance and to save money by consolidating administrative assistant positions.  These are legitimate, nonretaliatory reasons.  The record does not show pretext.

IV

For these reasons,

IT IS ORDERED:

1.  The Department's summary-judgment motion, ECF No. 19, is granted.

2.  The clerk must enter judgment stating, "This case was resolved by summary judgment.  The claims of the plaintiff Robin K. Tucker against the defendant Florida Department of Transportation are dismissed with prejudice."

3.  The clerk must close the file.

SO ORDERED on December 31, 2015.

                                    s/Robert L. Hinkle
                                    United States District Judge